**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case. No. 04-CR-209-TCK |
| ) | |
| MICHAEL DON GREENE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court are Defendant Michael Don Greene's ("Greene") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 165); Brenda K. Garrett's ("Garrett") Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 169); and Greene's Motion to Transfer Venue (Doc. 163); and Greene's Motion to Quash (Doc. 167).

### I. Background

On January 14, 2005, Greene purchased property in Sedona, Arizona ("Arizona property"). Thereafter, on February 17, 2005, Greene was arraigned on charges that he evaded payment of taxes in violation of 26 U.S.C. § 7201 by "concealing and attempting to conceal from the Internal Revenue Service the nature and extent of his assets, by placing funds and property in the names of nominees, and by filing a false and fraudulent offer in compromise (supported by a false declaration under oath on Form 433-A)." (Indictment 1.) On or about June 27, 2005, Greene purportedly sold the Arizona property to Garrett, with whom Greene has been living with since 2001 (except for the period of time in which he was incarcerated).

On September 1, 2005, Greene was convicted by a jury for evading taxes and subscribing to a false tax declaration in violation of 26 U.S.C. §§ 7201 and 7206(1). On March 6, 2006, Greene

was sentenced to a term of imprisonment of 70 months, which he has served, and ordered to pay a fine in the total amount of $500,000.00.

Thereafter, the United States' filed a motion, which is pending before the Court, seeking to set aside the sale of the Arizona property because such sale constitutes a fraudulent conveyance pursuant to 28 U.S.C. § 3304, "whereby [Greene] [sold the property] in order to avoid paying the judgment ordered in this case." (Mot. to Set Aside Fraudulent Conveyance 1.) In response, Greene, appearing pro se, has filed (1) a motion to dismiss this case for lack of subject matter jurisdiction, (2) a motion to transfer this action to Arizona, and (3) a motion seeking additional time in which to file a response to the United States' Motion to Set Aside Fraudulent Conveyance. Garrett, also appearing pro se, moves to dismiss the fraudulent conveyance proceeding for lack of personal jurisdiction.[1]

**II.     Greene's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 165)**

Greene moves to dismiss the fraudulent conveyance proceeding for lack of subject matter jurisdiction because the original criminal proceeding against him has been closed. In response, the United States argues that this Court has ancillary jurisdiction over said proceeding.

A district court has original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. However, by providing for a deadline for notices of appeal from a court's judgment, Rule 4(b) of the Federal Rules of Appellate Procedure "is a jurisdictional limitation upon the powers of the district court after a judgment of conviction has been entered." *United States v. Coloian*, 480 F.3d 47, 50 (7th Cir. 2000) (citing *United States v. Sumner*, 226 F.3d 1005, 1013 (9th

---

[1] Garrett filed a "special appearance" as a "person of interest" on March 3, 2011. (*See* Doc. 168).

Cir. 2000) and *United States v. Dumont*, 936 F.2d 292, 295 (7th Cir. 1991)). "[A] district court may assert ancillary jurisdiction, [however], to adjudicate claims and proceedings related to a claim that is properly before the court." *Coloian*, 480 F.3d at 50 (internal citations omitted); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) ("[T]he doctrine of ancillary jurisdiction . . . recognizes federal courts' jurisdiction over some matters . . . that are incidental to other matters properly before them.").

The Supreme Court has explained that the doctrine of ancillary jurisdiction may be exercised for two purposes: (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent"; and (2) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* 379-80. The Supreme Court has "approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments – including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances," although "recognition of these supplementary proceedings has not . . . extended beyond attempts to execute, or to guarantee eventual executability of, a federal judgment." *Peacock v. Thomas*, 516 U.S. 349, 356 (1996).

Here, Greene disputes the United States' position that the Court has ancillary jurisdiction over the alleged fraudulent conveyance, citing the Supreme Court's decision in *Kokkonen*. In *Kokkenen*, the Supreme Court concluded that the district court did not have jurisdiction to enforce the terms of a settlement agreement because the parties' obligation to enforce the terms of the agreement were not part of the court's order on dismissal. In this case, however, the Court ordered Greene to pay a $500,000.00 fine as part of the criminal judgment against him, (*see* Doc. 94),

3

distinguishing the facts from those in *Kokkonen.* As noted by the Ninth Circuit, "[t]here can be little question that federal courts generally possess the power to protect their judgments by setting aside fraudulent conveyances of the judgment debtor." *Thomas, Head & Griesen Employees Trust v. Buster*, 95 F.3d 1449, 1453 (9th Cir. 1996) (citing *Swift & Co. Packers v. Compania Del Caribe, S.A.*, 339 U.S. 684, 694-95 (1950) and *Dewey v. West Fairmont Gas Coal Co.*, 123 U.S. 329 (1887)). Further, the Court finds that the exercise of ancillary jurisdiction in this case comports with the purposes outlined in *Kokkonen* because the issue of fraudulent conveyance is factually interdependent with the original claims against Greene, and the exercise of ancillary jurisdiction will permit this Court to effectuate the judgment issued against him. *See Epperson v. Entertainment Express, Inc.*, 242 F.3d 100, 106 (2d. Cir. 2001) ("Where the post-judgment proceeding is an effort to collect a federal court judgment, the courts have permitted judgment creditors to pursue, under the ancillary enforcement jurisdiction of the court, the assets of the judgment debtor even though the assets are found in the hands of a third party."); *U.S.I. Prop. v. M.D. Cosnt. Co.*, 230 F.3d 489, 498 (1st Cir. 2000) ("Where a postjudgment proceeding presents an attempt simply to collect a judgment duly rendered by a federal court, even if chasing after the assets of the judgment debtor now in the hands of a third party, the residual jurisdiction stemming from the court's authority to render that judgment is sufficient to provide for federal jurisdiction over the postjudgment claim."). The Court therefore denies Greene's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

### III. Garrett's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 169)

Garrett, who is not a named defendant to this action, moves to dismiss the United States' proceeding to set aside the sale of the Arizona property as a fraudulent conveyance because the Court does not have jurisdiction over her and the United States "failed to give Garrett the mandatory

4

statutory notice required under" Sections 3004(c) and 3202(b) of the Federal Debt Collection Procedures Act ("FDCPA"). (Garrett's Mot. to Dismiss 3-4.) First, the Court finds that personal jurisdiction over Garrett is unnecessary, as she is not a named party to this action. Second, as noted above, *see supra* Section II, the Court has ancillary jurisdiction over the issue of whether the sale of the Arizona property to Garrett constitutes a fraudulent conveyance. Finally, the Court finds Garrett's reliance on Sections 3004(c) and 3202(b) unfounded, as these sections relate to notice in relation to the execution of a judgment under Subchapter C of the FDCPA. The United States is not currently attempting such an execution; rather, the United States is seeking to set aside an allegedly fraudulent transfer pursuant to Subchapter D of the FDCPA before attempting to execute the judgment against Greene. The Court therefore denies Garrett's motion to dismiss.

**IV.     Greene's Motion to Transfer Venue (Doc. 163)**

Greene request that "this proceeding to take [his] property be transferred to the Federal judicial district where he lives," citing Section 3202(b) of the FDCPA. (Mot. to Transfer 1.) Because Greene's citation to the FDCPA is misplaced, *see supra* Section III, and because Greene fails to offer any other authority in support of his motion to transfer, the Court denies the motion.

**V.      Greene's Motion to Quash (Doc. 167)**

Finally, in a motion entitled "Motion to Quash," Greene requests "he be granted a reasonable time to answer the [United States'] allegations" in its Motion to Set Aside Fraudulent Conveyance in the event the Court denies the motions addressed herein. The Court grants said request, and Greene is ordered to file any response to the Motion to Set Aside Fraudulent Conveyance within twenty-one (21) days of the date of this Order.

5

## VI. Conclusion

For the reasons outlined herein, the Court denies Greene's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 165), Garrett's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 169), and Greene's Motion to Transfer Venue (Doc. 163). The Court grants Greene's Motion to Quash (Doc. 167), and Greene is directed to file any response to the United States' Motion to Set Aside Fraudulent Conveyance (Doc. 160) within twenty-one (21) days of the date of this Order.

**SO ORDERED this 31st day of May, 2012.**

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**